IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN WILLIAMS,<br><br>          Plaintiff,<br><br>v.<br><br>SARA LEE,<br><br>          Defendant. | CIVIL ACTION FILE NO.<br><br>1:11-CV-4596-TWT-JFK |

## **ORDER AND REPORT AND RECOMMENDATION**

Plaintiff seeks to file this civil complaint without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a) (1964). After consideration by the Court of Plaintiff's affidavit of indigency, the plaintiff's motion to proceed *in forma pauperis* is hereby **GRANTED** pursuant to Section 1915(a), but solely for the purpose of recommending that the complaint be dismissed.

## **I.   Procedural History**

Plaintiff Karen Williams filed the above-styled action against Defendant Sara Lee on December 30, 2011, alleging that Sara Lee terminated her employment "during medical leave," that Defendant discriminated against her because of her race, and that she suffered sexual harassment and abuse, retaliation, assault and battery, stalking and invasion of privacy. [Doc. 1-1 at 2]. Plaintiff had filed a charge of discrimination and

received a notice of right-to-sue from the Equal Employment Opportunity Commission ("EEOC") "on July 07" but had not attached a copy of the charges and right-to-sue letter to her complaint. [Id. at 4]. The court ordered Plaintiff to file a copy of the EEOC charges and the right-to-sue letter from the EEOC within thirty days and directed the Clerk to resubmit the *in forma pauperis* application upon receipt of the same or after the allotted period. [Doc. 2]. Plaintiff failed to comply with the court's order. And, on February 16, 2012, the court ordered Plaintiff to show cause in writing why the complaint should not be dismissed for failure to obey a lawful order of the court and failure to state a claim for relief. The court again ordered Plaintiff to to file a copy of the EEOC charges and the right-to-sue letter if she wishes to proceed with this action. [Doc. 3].

Plaintiff has responded to the court's show cause order stating that she has had problems with people stealing and tampering with her mail. With her response, she has filed a copy of charges of discrimination that she filed with the EEOC on May 18, 2007, against Defendant Sara Lee, for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* [Doc. 4 at 4]. The EEOC's right-to-sue letter on those charges, which was issued on June 12, 2007, states: "Based upon its investigation, the EEOC is

2

unable to conclude that the information obtained establishes violations of the statutes." [Id. at 5]

Additional facts will be set forth as needed.

## II. Standard of Law

"Where a plaintiff is proceeding *in forma pauperis*, a district court is required to *sua sponte* determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." Walker v. Sun Trust Bank of Thomasville, Georgia, 2010 WL 165131, at *4 (11th Cir. January 19, 2010) (citing, *inter alia*, 28 U.S.C. § 1915(e)(2)(B) (as amended, effective April 26, 1996, replacing § 1915(d))). In determining whether the complaint fails to state a claim for relief, as on a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006). The court must also keep in mind that reviewing whether a complaint fails to state a claim upon which relief can be granted "merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).

AO 72A
(Rev.8/82)

"Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009) (same).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply the above standards to Plaintiff's complaint.

4

AO 72A
(Rev.8/82)

**III. Discussion**

    **A.    Plaintiff's Title VII Claims**

The EEOC charges of sex discrimination and retaliation in violation of Title VII on which Plaintiff now seeks to file a complaint were filed on May 18, 2007. Under Title VII, a complainant must file a suit within 90 days from the date the EEOC "gives notice" of right to sue. 42 U.S.C. § 2000e-5(f)(1). It is well-settled that this means a complainant must file a Title VII suit within 90 days after "receipt" of the notice of right to sue. Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1339 (11th Cir. 1999); Stallworth v. Wells Fargo Armored Serv. Corp., 936 F.2d 522, 524 (11th Cir. 1991). The EEOC gave notice of right-to-sue on June 12, 2007. Plaintiff did not file suit until December 30, 2011, more than four years after the deadline for filing suit.

Plaintiff acknowledges that she received the right-to-sue letter. [Doc. 4 at 17 ("in 07 after I recieved (sic) my EEOC charge of discrim. decision letter. . . .")]. She states that people were taking some of her mail and that she has only two pages of the EEOC's "response" to her charges. [Id. at 1]. The portion of the right-to-sue letter that Plaintiff has filed with the court states, "Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice[,] or your right to sue based on this charge will be lost." [Doc. 4 at 5, page one of the right-to-sue letter]. Plaintiff was, therefore, on

5

notice that she had to file a lawsuit within ninety days of receiving the EEOC's June 12, 2007, right-to-sue letter.

Despite being on notice that she had to file suit against Defendant Sara Lee within ninety days of the EEOC's decision and notice of right to sue on Plaintiff's EEOC charges against Defendant, Plaintiff did not file suit until more than four years after that deadline. "The Supreme Court has held 'that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling.'" Browning v. AT&T Paradyne, 120 F.3d 222, 226 (11th Cir. 1997) (quoting Irwin v. Dep't of Veterans Affairs, 111 S. Ct. 453, 457 (1990)). "[T]olling is an extraordinary remedy which should be extended only sparingly.'"[1] Leonard v. Rumsfeld, 146 F. Supp. 2d 1227, 1237 (M.D. Ala. 2001) (quoting Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993)). To apply equitable tolling, a plaintiff must have missed the ninety day limitation period for filing a lawsuit through no fault of her own. See, e.g., Irwin, 111 S. Ct. at 458 n.4 (citations omitted); Portis v. World Omni

---

[1] In this regard, the Supreme Court "has held that '. . . experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law[ ]' . . . [and] has also stressed that 'procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out a vague sympathy for particular litigants.'" Zillyette, 1 F. Supp. 2d at 1440 (citations omitted).

6

Finance, 2000 WL 726220, at *2 n.6 (S.D. Ala. May 16, 2000) (citations omitted). Thus, "where the plaintiff's failure to file was caused by plaintiff's own negligence, the limitations period will not be equitably tolled." Bryant v. United States Dep't of Agriculture, 967 F.2d 501, 504 (11th Cir. 1992) (equitable tolling is not applicable to a case in which the claim for equitable tolling is based solely on the action or inaction of the plaintiff).

Plaintiff states that she called the EEOC after she received the right-to-sue letter to complain about how the investigator handled her case and to ask that the EEOC give her "right to sue with probable cause." [See Doc. 4 at 17-19]. The EEOC told Plaintiff "that it was too late to get [the EEOC's] decision reversed." Nothing in Plaintiff's description of her communications with the EEOC indicates that the EEOC caused Plaintiff to not file a lawsuit against Defendant Sara Lee by the required deadline. And the EEOC notice of right-to-sue advised Plaintiff that the EEOC's decision "does not certify that the respondent is in compliance with the statutes" and that she could file a suit against Sara Lee within the ninety day period following the EEOC's June 12, 2007, letter. [Doc. 4 at 5]. Plaintiff's own neglect was, thus, the cause of her failure to file a lawsuit within the required time frame. Equitable tolling, therefore, cannot be applied, and Plaintiff's Title VII claims based on her 2007 EEOC charges are time-

7

barred and subject to dismissal with prejudice.

Plaintiff's complaint raises claims that were not included in the charges that she filed with the EEOC in 2007. The 2007 charges were for sex discrimination and for retaliation after she reported hostile work environment and sexual harassment to management. [Doc. 4 at 4]. In her complaint, Plaintiff raises, for the first time, a claim for race discrimination. Plaintiff's race discrimination claim is subject to dismissal with prejudice for failure to exhaust administrative remedies.[2]

"One of the central purposes of the employment discrimination charge is to put employers on notice of 'the existence and nature of the charges against them.'" Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 878 (5th Cir. 2003) (quoting EEOC v. Shell Oil Co., 104 S. Ct. 1621, 1635 (1984)); see also White v. Wells Fargo Guard Servs., 908 F. Supp. 1570, 1580 (M.D. Ala. 1995). And a "'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Gregory v. Georgia Dep't of

---

[2]Plaintiff also claims that she was terminated "during medical leave," which was not included in her May 18, 2007, EEOC charges. Plaintiff is currently receiving Social Security disability benefits. [Doc. 1 at 2]. Even if she is attempting to base a termination "during medical leave" claim on the Americans with Disabilities ("ADA") Act of 1990, 42 U.S.C. § 12101, *et seq.*, which is not clear from the complaint, such a claim is also subject to dismissal for failure to exhaust administrative remedies.

8

Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004) (citations omitted); accord Eastland v. Tennessee Valley Auth., 714 F.2d 1066, 1067 n.9 (11th Cir. 1983) ("The starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation."). Plaintiff's 2007 EEOC charges for sex discrimination did not put Defendant on notice that it was being charged with race discrimination. Nor is race discrimination reasonably related to the EEOC's investigation of Plaintiff's sex discrimination related charges. And Plaintiff does not state that she filed charges with the EEOC in addition to the charges which she filed in 2007. Raising a claim at the administrative level is a condition precedent to filing suit on the claim. See Mulhall v. Advance Security, Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994); Thomas v. Alabama Council on Human Relations, Inc., 248 F. Supp. 2d 1105, 1115 (M.D. Ala. 2003) ("Thus, if a plaintiff fails to file an EEOC charge before the 180-day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies."). Because Plaintiff's race discrimination and, if any, disability discrimination claim raised for the first time in the complaint are not reasonably related to her 2007 charges for sex discrimination and Plaintiff has made no showing that she filed EEOC charges for race or disability discrimination, she has failed to exhaust her administrative remedies on such claims,

and the court is precluded from considering such claims.

For the above reasons, the court **RECOMMENDS** that Plaintiff's Title VII claims and, if any, ADA claim, be **DISMISSED WITH PREJUDICE.**

### B. State Law Claims

Plaintiff also appears to raise state law claims in the complaint. Each of the claims she attempts to raise is subject to dismissal as a matter of law and, therefore, subject to dismissal with prejudice.

As stated earlier, Plaintiff complains that she was terminated "during medical leave." [Doc. 1-1 at 2]. To the extent that this statement is intended as a claim for wrongful dismissal under state law, there is no legal basis upon which Plaintiff can recover for termination from her at-will employment; therefore, she cannot state a claim upon which relief can be granted. See Balmer v. Elan Corp., 278 Ga. 227, 228, 599 S.E.2d 158, 160-61 (2004) ("Under the at-will employment doctrine, '[t]he employer, with or without cause and regardless of its motives may discharge the employee without liability.'") (citation omitted); see also Thomason v. Mitsubishi Electric Sales America, Inc., 701 F. Supp. 1563, 1565 (N.D. Ga. 1988) ("[A]t-will employment in Georgia 'gives rise to no cause of action against the employer for alleged wrongful termination.'") (citation omitted). Any wrongful dismissal "during

AO 72A
(Rev.8/82)

medical leave" claim in the complaint that is based on state law is, therefore, subject to dismissal with prejudice.³

Plaintiff also complains of sexual harassment, assault and battery, and invasion of privacy. Plaintiff's state law claims for sexual harassment, assault and battery and invasion of privacy sound in tort,⁴ and the application of a two-year statute of limitation is appropriate in each instance. See, e.g., Staggs v. Wang, 185 Ga. App. 310, 312, 363 S.E. 2d 808, 810 (1987) (allegations of sexual harassment sound in tort for statute of limitations purposes) (citing O.C.G.A. § 9-3-33). Plaintiff's state law claims for sexual harassment, assault and battery and invasion of privacy against her former

---

³Plaintiff does not claim that she was discharged in retaliation for exercising her right to medical leave under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"). FMLA claims are subject to a two, or at most three, year time limitation and, thus, would be time-barred under the facts presented by Plaintiff. See 29 U.S.C. § 2617.

⁴See Piedmont Hosp., Inc. v. Palladino, 276 Ga. 612, 614, 580 S.E. 2d 215, 217 (2003) (recognizing a state law tort for sexual harassment). An invasion of privacy under Georgia law involves one of four related but separate torts. See Yarbray v. Southern Bell Telephone & Telegraph Co., 261 Ga. 703, 704-05, 409 S.E.2d 835, 836 (1991); see also Troncalli v. Jones, 237 Ga. App. 10, 13, 514 S.E.2d 478, 482 (1999). And Georgia recognizes a tort of assault and battery for which an employer may be held responsible under certain conditions. See Fowler v. Sunrise Carpet Industries, Inc., 911 F. Supp. 1560, 1585 (N.D. Ga. 1996); Orquiola v. City Mortg. Co., 510 F. Supp. 2d 1134, 1163-64 (N.D. Ga. 2007).

11

employer based on events prior to her termination,[5] are, therefore, time-barred and subject to dismissal with prejudice.

Plaintiff also complains of "stalking." Stalking is a criminal offense. See Krepps v. State, 301 Ga. App. 328, 329-30, 687 S.E. 2d 608, 609-10 (2009) (citing O.C.G.A. §§ 16-5-90, 16-5-91); Phillips v. State, 278 Ga. App. 198, 198-199, 628 S.E. 2d 631, 633 (2006). "The enactment of O.C.G.A. § 16-5-90, which defines the crime of stalking, did not automatically create a tort of stalking. It is well settled that '[t]he violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who is injured thereby.'" Troncalli, 237 Ga. App. at 12, 514 S.E. 2d at 481 (citation omitted). Plaintiff, therefore, cannot state a private cause of action based on the crime of stalking, and her stalking claim is subject to dismissal with prejudice.

Accordingly, the court **RECOMMENDS** that Plaintiff's state law claims for sexual harassment, assault and battery, invasion of privacy, and stalking be **DISMISSED WITH PREJUDICE**.

---

[5]Plaintiff does not give the date of termination in the complaint [Doc. 1-1] or in her response to the court's show cause order [Doc. 4]. However, she indicates that she was on medical leave after January 2, 2007, and claims that she was terminated "during medical leave." [Doc. 1-1].

12

### III. Conclusion

The undersigned **GRANTS** Plaintiff's application to proceed *in forma pauperis* for the purpose of recommending dismissal only. Taking into consideration Plaintiff's *pro se* status and construing the complaint's factual allegations as true and in the light most favorable to Plaintiff, Hardy, 449 F.3d at 1359, the court *sua sponte*[6] **RECOMMENDS** that the complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted as a matter of law.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

---

[6]Plaintiff is not harmed by the court *sua sponte* addressing Plaintiff's claims because she will have the opportunity to object to the court's recommendations following filing of this report and recommendation. See Martin v. Citimortgage, 2010 WL 3418320, at *2 & *6 n.8 (N.D. Ga. August 3, 2010) (citing Shrivers v. Int'l Brotherhood of Elec. Workers Local Union 349, 262 Fed. Appx. 121, 125, 127 (11th Cir. 2008) (a party has notice of a district court's intent to *sua sponte* grant summary judgment when a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment which allows for objections to that determination); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001) (noting that two concerns of notice and an opportunity to be heard were satisfied because the magistrate judge raised the issue and allowed the party the opportunity to argue against those findings to the district court); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009)).

**SO ORDERED AND RECOMMENDED** this 1st day of March, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)